

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-21-00142-CV**

**IN THE INTEREST OF JUSTIN G. DART, AN ADULT CHILD**

**From the 18th District Court**
**Johnson County, Texas**
**Trial Court No. DC-D202000943**

## O P I N I O N

Can a petition to adjudicate parentage be brought after the death of the putative father? That is the question posed in this appeal. Specifically, appellant, Katrina Ahrens, contends that the trial court erred when it adjudicated the parentage of appellee, Justin Gerald Dart, even though the putative father, Lorne Ahrens, had died more than four years prior to the filing of the petition. Because we conclude that the trial court lacked personal jurisdiction over Lorne, we conclude that Dart cannot maintain this petition to adjudicate parentage brought after Lorne's death. Accordingly, we reverse and render.

## Background

Dart, who is an adult, filed suit against his mother Melody Dart, Lorne, and Katrina as independent executor of Lorne's estate. Dart requested that the trial court adjudicate and declare that he is: (1) the biological son of Lorne; and (2) entitled to all the legal rights and privileges of a surviving child of Lorne.[1] Dart and Katrina filed competing motions for summary judgment. Katrina, in particular, asserted that the trial court must dismiss Dart's lawsuit to adjudicate parentage because such a suit cannot be brought after the death of the putative father. After a hearing and review of the summary-judgment motions and responses thereto, the trial court denied both summary-judgment motions.

This matter proceeded to a bench trial. Katrina moved for a judgment in her favor on the basis that the plain language of Chapter 160 of the Texas Family Code provides that suits to adjudicate parentage do not survive the death of the putative father. The trial court disagreed. At the conclusion of the bench trial, the trial court signed a judgment adjudicating Lorne Ahrens "was and is the biological father of JUSTIN GERALD DART, pursuant to Chapter 160 of the Texas Family Code." This appeal followed.

---

[1] Dallas Police Department Senior Corporal Lorne Ahrens was murdered in the line of duty during a July 7, 2016 sniper attack in downtown Dallas. *See, e.g.*, *City of Dallas v. Ahrens*, No. 10-19-00137-CV, 2022 Tex. App. LEXIS 1273, at *2 (Tex. App.—Waco Feb. 23, 2022, no pet.) (mem. op.).

**Analysis**

In her first issue, Katrina contends that the trial court's judgment should be vacated because Dart failed to join Lorne as a necessary party to the lawsuit under section 160.603 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 160.603. In her second issue, Katrina asserts that because Lorne was deceased prior to the commencement of this lawsuit, the trial court did not acquire personal jurisdiction over Lorne. *See id.* § 160.604. As such, Katrina argues that the trial court's judgment should be vacated.

STANDARD OF REVIEW

We review a trial court's order in a proceeding to adjudicate parentage for an abuse of discretion. *Stamper v. Knox*, 254 S.W.3d 537, 542 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam)). A trial court abuses its discretion when it acts "without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford*, 801 S.W.2d at 109. The fact that a trial court may decide a matter within its discretionary authority in a different manner from an appellate court in a similar circumstance does not demonstrate an abuse of discretion. *In re C.A.M.M.*, 243 S.W.3d 211, 214-15 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). A trial court does not abuse its discretion as long as some evidence of a substantive and probative character exists to support the trial court's decision. *Id.* at 215.

DISCUSSION

Section 160.603 of the Texas Family Code details the necessary parties to a proceeding to adjudicate parentage:

> The following individuals must be joined as parties in a proceeding to adjudicate parentage:
>
> (1) The mother of the child; and
>
> (2) A man whose paternity of the child is to be adjudicated.

TEX. FAM. CODE ANN. § 160.603. When used in a statute, the term "must" creates or recognizes a condition precedent. TEX. GOV'T CODE ANN. § 311.016(3). Furthermore, Texas courts have generally interpreted "must" as mandatory, creating a duty or obligation. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). However, even if a statutory requirement is mandatory, this does not mean that compliance is necessarily jurisdictional. *Id.* at 494; *see Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999); *see also A.C. v. Tex. Dep't of Family & Protective Servs.*, 577 S.W.3d 689, 696-97 (Tex. App.—Austin 2019, pet. denied) (characterizing section 160.603 of the Texas Family Code as a joinder provision that is not jurisdictional in nature).

Despite the fact that section 160.603 of the Texas Family Code is a joinder provision that is not jurisdictional, section 160.604 of the Texas Family Code is jurisdictional. *See* TEX. FAM. CODE ANN. § 160.604. Specifically, section 160.604(a) provides that: "An individual may not be adjudicated to be a parent unless the court has personal jurisdiction over the individual." *Id.* § 160.604(a); *see, e.g., Frazer v. Hall*, No. 01-11-00505-

CV, 2012 Tex. App. LEXIS 4698, at *5 (Tex. App.—Houston [1st Dist.] June 14, 2012, no pet.) (mem. op.) ("The Act mandates that an individual may not be adjudicated a parent unless the court has personal jurisdiction over the individual."). Establishing personal jurisdiction over a defendant requires valid service of process. *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) ("Personal jurisdiction, a vital component of a valid judgment, is dependent 'upon citation issued and served in a manner provided for by law.'" (quoting *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990))). "A complete failure of service deprives a litigant of due process and a trial court of personal jurisdiction; the resulting judgment is void and may be challenged at any time." *Id.* at 566.

In the instant case, it is undisputed that Lorne passed away more than four years prior to Dart's suit to adjudicate parentage. Lorne was never served and, thus, was never joined as a party to Dart's petition to adjudicate parentage. As such, the trial court never acquired personal jurisdiction over Lorne. *See id.* at 562, 566. And applying the statute as written, under section 160.604 of the Texas Family Code, Lorne could not be adjudicated to be a parent. *See* TEX. FAM. CODE ANN. § 160.604(a); *City of Austin v. Lopez*, 632 S.W.3d 200, 224 n.19 (Tex. App.—Austin 2021, pet. filed) ("We note that Chapter 160, Subchapter G does not appear to contemplate a posthumous proceeding to adjudicate parentage."); *see also Lee v. City of Houston*, 807 S.W.2d 290, 293 (Tex. 1991) ("Our function is not to question the wisdom of the statute; rather, we must apply it as written.").

Despite the foregoing, Dart contends that section 160.604(c), as well as public policy, allows for him to proceed with his petition to adjudicate parentage. *See* TEX. FAM. CODE ANN. § 160.604(c). We disagree.

Section 160.604(c) states that: "Lack of jurisdiction over one individual does not preclude the court from making an adjudication of parentage binding on another individual over whom the court has personal jurisdiction." *Id.* § 160.604(c). If we were to substitute the parties in the correct positions in section 160.604(c), the provision would read: "Lack of jurisdiction over [Lorne] does not preclude the court from making an adjudication of parentage binding on [Melody] over whom the court has personal jurisdiction." *See id.* Application of this provision would not yield an adjudication of parentage binding on Lorne, which is what Dart has requested. *See id.*

Furthermore, although not binding on this Court, the United States District Court for the Western District of North Carolina has addressed these provisions of the Texas Family Code in a similar attempt to adjudicate parentage after the death of a putative father. *See Schafer v. Astrue*, 3:09CV96-GCM-DSC, 2009 U.D. Dist. LEXIS 153494 (W.D.N.C. Oct. 5, 2009), *aff'd*, 641 F.3d 49 (4th Cir. 2011). In *Schafer*, the court addressed an appeal from the denial of child's insurance benefits under the Social Security Act for a child, WMS, conceived through artificial insemination after the death of the wage earner. *Id.* at *2. A petition to establish parentage was filed in Travis County, Texas, where WMS was born. *Id.* at **4-5. The Travis County district court concluded that the

wage earner was the father of WMS. *Id.* at *5. Based on this finding, the guardian ad

litem for WMS filed an application for child's insurance benefits with the Social Security

Administration. *Id.* at *2. The application was denied, and the guardian ad litem for

WMS appealed. *Id.* The *Schafer* court was faced with the question of whether courts in

Virginia, where the wage earner was domiciled when he died, would have found WMS

entitled to inherit from the wage earner based on the order from the Travis County

district court which determined that WMS is the wage earner's child. *Id.* at *10.

In determining that the Travis County district court order did not comply with

Texas law, the *Schafer* court noted the following:

> In the present case, however, the Texas district court did not have
> jurisdiction over all persons governed by the judgment. The Texas Family
> Code states that the necessary parties to a proceeding on paternity are the
> mother of the child, and the "man whose paternity of the child is to be
> adjudicated." TEX. FAM. CODE [ANN.] § 160.603 (Vernon 2009). While the
> wage earner was a necessary party, he was deceased at the time of the
> paternity proceeding and not a party to the action. The Code goes on to
> state that "an individual may not be adjudicated to be a parent unless the
> court has personal jurisdiction over the individual." TEX. FAM. CODE [ANN.]
> § 160.604 (Vernon 2009). The Court did not have personal jurisdiction over
> the wage earner, since he was deceased at the time of the proceedings to
> establish paternity.

*Id.* at *11. We find this analysis to be persuasive in the present case.

Nevertheless, the parties cite several Texas cases in support of their positions.

Katrina relies on *In re George* from the Tyler Court of Appeals. *See generally In re George*,

794 S.W.2d 875 (Tex. App.—Tyler 1990, no writ). In *George*, the Tyler Court of Appeals

specifically held that "a suit to determine paternity under Chapter 13 of the Texas Family

Code does not survive the death of the putative father." *Id.* at 877. However, Dart references two other Texas courts that have held to the contrary.[2] *See In re A.S.L.*, 923 S.W.2d 814, 817 (Tex. App.—Amarillo 1996, no writ) (concluding that an action to establish an alleged father's paternity of an illegitimate child could be brought after the death of the alleged father); *Manuel v. Spector*, 712 S.W.2d 219, 222 (Tex. App.—San Antonio 1986, orig. proceeding) ("While the action for support terminates upon the death of the party obligated to provide support, . . . there exists no sound reason why the legitimization process should likewise terminate upon the death of the putative father. The current trend in modern law favors according children born out of wedlock the same legal status as other children." (internal citations omitted)). We do not find *George*, *A.S.L.*, and *Manuel* to be persuasive in the present case because all three opinions predate the 2001 codification of sections 160.603 and 160.604, and we find sections 160.603 and 160.604 to be clear and unambiguous. Therefore, while these cases may illustrate the general trend in modern law to accord children born out of wedlock the same legal status as other children, they are not dispositive regarding the interpretation of the current versions of 160.603 and 160.604.

---

[2] Additionally, Dart also cites to several cases from other states that have adopted the Uniform Parentage Act ("UPA") for the proposition that the modern trend and authority on the UPA support a child's right to bring a parentage action after the alleged father's death. However, none of the cases that Dart relies on involve the statutes at issue here—sections 160.603 and 160.604 of the Texas Family Code. We are bound by the express language contained in the Texas Family Code. Thus, we do not find these cases to be instructive in this matter.

Likewise, we are not persuaded by Dart's public-policy arguments premised on this general trend in modern law because these arguments are best directed at the Legislature, and because this case involves the application of two unambiguous statutes that reflect the State's public policy and were enacted after *George*, *A.S.L.*, and *Manuel* articulated the general trend to which Dart refers. *See Town of Flower Mound v. Stafford Estates Ltd. P'ship*, 135 S.W.3d 620, 628 (Tex. 2004) ("Generally, 'the State's public policy is reflected in its statutes.'" (quoting *Tex. Commerce Bank, N.A. v. Grizzle*, 96 S.W.3d 240, 250 (Tex. 2002))).

Because the trial court lacked personal jurisdiction over Lorne, we conclude that the trial court abused its discretion by signing a judgment adjudicating Lorne as Dart's father. *See* TEX. FAM. CODE ANN. § 160.604; *see also Worford*, 801 S.W.2d at 109; *Stamper*. 254 S.W.3d at 542. Accordingly, we sustain Katrina's first and second issues.

## Conclusion

Having sustained both of Katrina's issues on appeal, we reverse the judgment of the trial court and render judgment dismissing Dart's petition to adjudicate parentage.


STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson,
     and Justice Smith
Reversed and rendered
Opinion delivered and filed June 22, 2022
Publish
[CV06]

